# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------------X

TERRENCE LEE,

                       *Plaintiff,*

         -against-

JUAN ALBARRAN a/k/a JOHN ALBARRAN, FRITZ
KUNDRUN, AMERICAN METALS & COAL
INTERNATIONAL, INC., AMCI HOLDINGS, INC.
and 106 TRIPP PROPERTY LLC,

                     *Defendants.*

-----------------------------------------------------------------------X

To the above-named Defendants:

**Index No.: _____/2023**

**Plaintiff designates
WESTCHESTER COUNTY
as place of trial**

**The basis of venue is the
location where the events
giving rise to the causes of
action occurred**

**SUMMONS**

**Plaintiff's resident address
is 26 Fendley Road, Amity,
Arkansas 71921**

**YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and, in case of your failure to appear or Answer, judgement will be taken for the relief demanded in the Complaint.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, WESTCHESTER COUNTY ON _____ IN COMPLIANCE WITH CPLR §§ 305(a) AND 306(a).**

Dated: New York, New York
        November 22, 2023

                             MERSON LAW, PLLC

                By: _____

                             Jordan K. Merson
                             Sarah R. Cantos
                             Attorneys for Plaintiff
                             950 Third Avenue, 18th Floor
                             New York, New York 10022
                             Telephone: (212) 603-9100
                             Facsimile: (347) 441-4171

1

TO:

**JUAN ALBARRAN a/k/a JOHN ALBARRAN**
145 Victoria Lawn
Stratford, CT 06615

**FRITZ KUNDRUN**
15563 Estancia Lane
Wellington, FL 33414

**AMERICAN METALS & COAL INTERNATIONAL, INC.**
c/o Curtis, Brinckerhoff & Barrett, P.C.
666 Summer Street
Stamford, CT 06901
Attn: Ward F. Cleary

c/o The Prentice-Hall Corporation System, Inc.
251 Little Falls Drive
Wilmington, DE 19808

**AMCI HOLDINGS, INC.**
c/o Curtis, Brinckerhoff & Barrett, P.C.
666 Summer Street
Stamford, CT 06901
Attn: Ward F. Cleary

c/o Wilmington Trust SP Services, Inc.
1100 North Market Street, 4th Floor
Wilmington, DE 19890

**106 TRIPP PROPERTY LLC**
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
TERRENCE LEE,

                               *Plaintiff,*

          -against-

JUAN ALBARRAN a/k/a JOHN ALBARRAN, FRITZ
KUNDRUN, AMERICAN METALS & COAL
INTERNATIONAL, INC., AMCI HOLDINGS, INC. and
106 TRIPP PROPERTY LLC,

                               *Defendants.*
-------------------------------------------------------------------X

Index No.: _____/2023

**VERIFIED
COMPLAINT**

**Jury Trial Demanded**

          Plaintiff **TERRENCE LEE** ("Plaintiff"), above-named, complaining of Defendants

**JUAN ALBARRAN a/k/a JOHN ALBARRAN, FRITZ KUNDRUN, AMERICAN METALS
& COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY
LLC** (collectively, "Defendants"), by and through his attorneys at **MERSON LAW, PLLC,**
respectfully alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

     1.     Plaintiff brings this claim pursuant to the Adult Survivors Act, codified in CPLR §
214-j.

     2.     The Court has jurisdiction over this matter pursuant to CPLR § 302 as Defendant

**JUAN ALBARRAN a/k/a JOHN ALBARRAN,** as an agent, servant and/or employee of

Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL,
INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC,** committed tortious acts
to Plaintiff within the State.

     3.     Venue is proper pursuant to CPLR § 503 because the events giving rise to the
underlying causes of action occurred in Westchester County.

## NATURE OF THE CLAIM

4.     Plaintiff brings this claim pursuant to the Adult Survivors Act, codified in CPLR § 214-j, wherein Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**, as an agent, servant and/or employee of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC**, sexually assaulted Plaintiff while he was employed by Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC**.

5.     Upon information and belief, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s sexual abuse was open and obvious and/or should have been known by Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC**.  Additionally, Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** improperly hired, supervised and/or trained Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**.  The negligence of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees caused Plaintiff to be sexually abused by Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**.  The negligence of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC's** property.

2

6.      Specifically, in or about August 2011, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** sexually assaulted Plaintiff inside of a spare bedroom at 106 Tripp Street, Mount Kisco, New York 10549 ("the Estate").

7.      At all times herein mentioned, the property located at 106 Tripp Street, Mount Kisco, New York 10549 was owned, operated and/or controlled by Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC**.

8.      Based on information and belief, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**, as an agent, servant and/or employee of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC,** was instructed to stay at, monitor, care for, and/or do business at the Estate.

9.      As an agent, servant and/or employee of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC**, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** hired Plaintiff **TERRANCE LEE** to assist with the Estate.

10.     As an agent, servant and/or employee of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC**, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** insisted that while Plaintiff **TERRANCE LEE** was working at the Estate, he stay in a spare bedroom.

11. While Plaintiff **TERRANCE LEE** was working at the Estate for Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI**

HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** would go into the spare bedroom Plaintiff was staying in and take photographs of him.

12.    One night while Plaintiff **TERRANCE LEE** was at the Estate for Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC,** Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** entered Plaintiff's room and raped him and otherwise sexually abused him.

13.    Now, Plaintiff brings the within lawsuit to recover for the emotional, mental and physical pain and suffering that he incurred because of the acts of Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** and the negligence of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC.**

<u>**PARTIES**</u>

14.    Upon information and belief, at all relevant times, Plaintiff was a resident and domiciliary of the State of New York.

15.    Upon information and belief, at all relevant times, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was a resident and domiciliary of the State of New York.

16.    At all relevant times, Defendant **AMERICAN METALS & COAL INTERNATIONAL, INC.** was a domestic for-profit business with a principle place of business at 600 Steamboat Road South, Greenwich, CT 06830.

4

Case 1:23-cv-11215   Document 1-1   Filed 12/27/23   Page 8 of 24

17.     At all relevant times, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was an agent, servant and/or employee of Defendant **AMERICAN METALS & COAL INTERNATIONAL.**

18.     At all relevant times, Defendant **AMCI HOLDINGS, INC.** was a domestic for-profit business with a principle place of business at  1105 North Market Street, Suite 1300, Wilmington, DE 19801.

19.     At all relevant times, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was an agent, servant and/or employee of Defendant **AMCI HOLDINGS, INC.**

20.     At all relevant times, Defendant **106 TRIPP PROPERTY LLC** was a domestic for-profit business incorporated under the laws of the State of Delaware.

21.     At all relevant times, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was an agent, servant and/or employee of Defendant **106 TRIPP PROPERTY LLC**.

22.     At all relevant times, Defendant **FRITZ KUNDRUN** was an owner, officer, director and/or corporate representative of Defendants **AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC**.

23.     At all relevant times Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC.,106 TRIPP PROPERTY LLC, and JUAN ALBARRAN a/k/a JOHN ALBARRAN** were agents, servants, employees and/or alter egos of each other.

24.     At all relevant times Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was an agent, servant and/or employee of Defendant **FRITZ KUNDRUN.**

25.     At all relevant times, Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY**

5

LLC were the owners of the Estate and property located at 106 Tripp Street, Mount Kisco, New York 10549.

26.     At all relevant times, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was an agent, servant and/or employee operating under the exclusive control and/or direction of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC**.

27.     At all relevant times, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was authorized by Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** to hire Plaintiff **TERRANCE LEE** to work at the Estate.

28.     At all relevant times, Plaintiff **TERRANCE LEE** was an agent, servant and/or employee of Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC., 106 TRIPP PROPERTY LLC and/or JUAN ALBARRAN a/k/a JOHN ALBARRAN** at the Estate.

29.     At all relevant times, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was Plaintiff **TERRANCE LEE's** supervisor, superior and/or manager at the Estate and was vested with such authority by Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC.**

## FACTS OF THE CASE

30.     In or about August 2011, when Plaintiff was approximately thirty-one (31) years old, he was sexually assaulted by Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** at the Estate.  Upon information and belief, the Estate was owned by Defendants **FRITZ**

6

Case 1:23-cv-11215   Document 1-1   Filed 12/27/23   Page 10 of 24

KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC.

31.     Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was instructed by Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** to retain Plaintiff to do some work at the Estate.

32.     Upon information and belief, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** possessed business cards using the name of Defendants **AMERICAN METALS & COAL INTERNATIONAL, INC. and/or AMCI HOLDINGS, INC.**  Additionally, upon information and belief, the paychecks that Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** was authorized by Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY LLC** to provide Plaintiff for his work included Defendant **FRITZ KUNDRUN**'s name.

33.     During the first few days that Plaintiff was staying at the Estate, he was subjected to constant sexual harassment by Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** including but not limited to taking photographs of Plaintiff without his consent.

34.     One night at the Estate in or about August 2011, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** entered the spare bedroom that Plaintiff was staying in and raped Plaintiff without his consent.

### AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT
### AS TO DEFENDANT JUAN ALBARRAN a/k/a JOHN ALBARRAN

7

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Verified Complaint marked and designated 1. through 34., inclusive, with the same force and effect as if hereafter set forth at length.

36.     In or about August 2011, Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** sexually assaulted Plaintiff.

37.     Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s predatory, manipulative and/or unlawful acts against Plaintiff, as more fully set forth above, created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person by Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s hands, all of which was done intentionally by Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** to Plaintiff without Plaintiff's consent.

38.     As a direct and proximate result of the aforementioned assault, Plaintiff has suffered and continues to suffer from emotional and physical injuries including, but not limited to, serious and severe mental distress, anguish, humiliation and embarrassment, as well as economic losses, those total damages in amounts to be proven at trial.

39.     By reason of the foregoing, Plaintiff has also incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure himself of his injuries.  Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending his regular activities, those total damages in amounts to be proven at trial.

40.     As such, Plaintiff is entitled to compensatory damages from Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** in such sums as a jury would find fair, just and/or adequate.

41.     Because Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** committed the acts alleged herein maliciously, fraudulently and/or oppressively with the wrongful intention on injuries Plaintiff from an improper and evil motive  amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages from Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** in such sums as a jury would find fair, just and/or adequate to deter future similar conduct.

42.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

43.     This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A SECOND CAUSE OF ACTION FOR BATTERY AS TO DEFENDANT JUAN ALBARRAN a/k/a JOHN ALBARRAN

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Verified Complaint marked and designated 1. through 43., inclusive, with the same force and effect as if hereafter set forth at length.

45.     Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s predatory, manipulative and/or unlawful acts against Plaintiff, as more fully set forth above, amounted to a series of harmful and offensive contacts to Plaintiff's person, all of which were done intentionally by Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** to Plaintiff without Plaintiff's consent.

46.     As a direct and proximate result of the aforementioned battery, Plaintiff has suffered and continues to suffer from emotional and physical injuries including, but not limited to, serious and severe mental distress, anguish, humiliation and embarrassment, as well as economic losses, those total damages in amounts to be proven at trial.

9

Case 1:23-cv-11215   Document 1-1   Filed 12/27/23   Page 13 of 24

47.     By reason of the foregoing, Plaintiff has also incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure himself of his injuries.  Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending his regular activities, those total damages in amounts to be proven at trial.

48.     As such, Plaintiff is entitled to compensatory damages from Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** in such sums as a jury would find fair, just and/or adequate.  Furthermore, because Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** committed the acts alleged herein maliciously, fraudulently and/or oppressively with the wrongful intention on injuries Plaintiff from an improper and evil motive  amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages from Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** in such sums as a jury would find fair, just and/or adequate to deter future similar conduct.

49.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

50.     This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A THIRD CAUSE OF ACTION FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AS TO DEFENDANT JUAN ALBARRAN a/k/a JOHN ALBARRAN

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Verified Complaint marked and designated 1. through 50., inclusive, with the same force and effect as if hereafter set forth at length.

10

52.    Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress.

53.    As a direct and proximate result of the aforementioned intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer from emotional and physical injuries including, but not limited to, serious and severe mental distress, anguish, humiliation and embarrassment, as well as economic losses, those total damages in amounts to be proven at trial.

54.    By reason of the foregoing, Plaintiff has also incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure himself of his injuries.  Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending his regular activities, those total damages in amounts to be proven at trial.

55.    As such, Plaintiff is entitled to compensatory damages from Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** in such sums as a jury would find fair, just and/or adequate.

56.    Because Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** committed the acts alleged herein maliciously, fraudulently and/or oppressively with the wrongful intention on injuries Plaintiff from an improper and evil motive  amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages from Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** in such sums as a jury would find fair, just and/or adequate to deter future similar conduct.

57.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

11

Case 1:23-cv-11215  Document 1-1  Filed 12/27/23  Page 15 of 24

58.     This action falls within exceptions to Article 16 of the C.P.L.R.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE
AS TO DEFENDANTS FRITZ KUNDRUN, AMERICAN METALS & COAL
INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC**

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Verified Complaint marked and designated 1. through 58., inclusive, with the same force and effect as if hereafter set forth at length.

60.     Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees' conduct as described herein, including the negligent hiring, retention and/or supervision of Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**, as well as empowering Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** to commit sexual assaults, resulted in Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** sexually assaulting Plaintiff.

61.     Upon information and belief, based on his prior conduct, statements and other information Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees knew or reasonably should have known that Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** had a propensity to engage in sexual misconduct and would use his position and power to sexually harass, assault and batter Plaintiff.

62.     Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees ultimately had a duty of care to properly hire, train, retain, supervise and/or discipline their employees including, but not limited to, Defendant **JUAN**

12

Case 1:23-cv-11215 Document 1-1 Filed 12/27/23 Page 16 of 24

ALBARRAN a/k/a JOHN ALBARRAN to avoid unreasonable harm to others, including Plaintiff, or to take steps to alleviate harm caused by one's affirmative conduct.

63. Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees breached their duty of care by way of their own conduct as alleged herein including, but not limited to, terminating Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s employment or taking steps to warn and/or otherwise reduce the risk that Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** would use his position of power to engage in sexual misconduct with Plaintiff.

64. The burden on Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees to take some action to warn or otherwise reduce the risk of Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s sexual misconduct was slight, while the harm from Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s sexual misconduct was grave and caused significant physical and mental harm on Plaintiff.

65. Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees' negligent and/or affirmative conduct in relation to Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s propensity to engage in sexual misconduct was a substantial factor in causing Plaintiff harm.

66. As a direct and proximate result of the aforementioned negligence, Plaintiff has suffered and continues to suffer from emotional and physical injuries including, but not limited to,

13

serious and severe mental distress, anguish, humiliation and embarrassment, as well as economic losses, those total damages in amounts to be proven at trial.

67.     By reason of the foregoing, Plaintiff has also incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure himself of his injuries.  Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending his regular activities, those total damages in amounts to be proven at trial.

68.     As such, Plaintiff is entitled to compensatory damages from Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** in such sums as a jury would find fair, just and/or adequate.

69.     Because Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees committed the acts alleged herein maliciously, fraudulently and/or oppressively with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages from Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** in such sums as a jury would find fair, just and/or adequate to deter future similar conduct.

70.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

71.     This action falls within exceptions to Article 16 of the C.P.L.R.

14

Case 1:23-cv-11215   Document 1-1   Filed 12/27/23   Page 18 of 24

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## NEGLIGENT HIRING, RETENTION AND SUPERVISION
## AS TO DEFENDANTS FRITZ KUNDRUN, AMERICAN METALS & COAL
## INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Verified Complaint marked and designated 1. through 71., inclusive, with the same force and effect as if hereafter set forth at length.

73.     Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees' conduct as described herein, including the negligent hiring, retention and/or supervision of Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**, as well as empowering Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** to commit sexual assaults, resulted in Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** sexually assaulting Plaintiff.

74.     Upon information and belief, based on his prior conduct, statements and other information Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees knew or reasonably should have known that Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** had a propensity to engage in sexual misconduct and would use his position and power to sexually harass, assault and batter Plaintiff.

75.     Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees improperly hired and continued to employ Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**, failed to terminate Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s employment and/or take steps to warn and/or

15

otherwise reduce the risk that Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** would use his position and power to sexually harass, assault and batter Plaintiff.

76. The burden on Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC** and/or their agents, servants and/or employees to take some action to warn or otherwise reduce the risk of Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s sexual misconduct was slight, while the harm from Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s sexual misconduct was grave and caused significant physical and mental harm on Plaintiff.

77. Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and/or 106 TRIPP PROPERTY** and/or their agents, servants and/or employees' negligent and/or affirmative conduct in relation to Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**'s propensity to engage in sexual misconduct was a substantial factor in causing Plaintiff harm.

78. As a direct and proximate result of the aforementioned negligence, Plaintiff has suffered and continues to suffer from emotional and physical injuries including, but not limited to, serious and severe mental distress, anguish, humiliation and embarrassment, as well as economic losses, those total damages in amounts to be proven at trial.

79. By reason of the foregoing, Plaintiff has also incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure himself of his injuries. Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending his regular activities, those total damages in amounts to be proven at trial.

16

80.     As such, Plaintiff is entitled to compensatory damages from Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** in such sums as a jury would find fair, just and/or adequate.    Furthermore, because Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees committed the acts alleged herein maliciously, fraudulently and/or oppressively with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages from Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** in such sums as a jury would find fair, just and/or adequate to deter future similar conduct.

81.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

82.     This action falls within exceptions to Article 16 of the C.P.L.R.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
AS TO DEFENDANTS FRITZ KUNDRUN, AMERICAN METALS & COAL
INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY LLC**

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Verified Complaint marked and designated 1. through 82., inclusive, with the same force and effect as if hereafter set forth at length.

84.     Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees knew or reasonably should have known that the failure to

17

properly hire, advise and/or supervise Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN**, would and did proximately result in physical and emotional distress to Plaintiff.

85. Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees knew or reasonably should have known that the sexual assault and/or other improper conduct done by Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** unto Plaintiff would and did proximately result in physical and emotional distress to Plaintiff.

86. Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees had the power, ability, authority and/or duty to intervene with and/or stop the improper conduct that resulted in Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** sexually assaulting Plaintiff.

87. Despite said knowledge, power, and duty, Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees negligently failed to act so as to stop, prevent and/or prohibit the improper conduct that resulted in Defendant **JUAN ALBARRAN a/k/a JOHN ALBARRAN** sexually assaulting Plaintiff.

88. As such, Plaintiff is entitled to compensatory damages from Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** in such sums as a jury would find fair, just and/or adequate.

18

Case 1:23-cv-11215 Document 1-1 Filed 12/27/23 Page 22 of 24

89. Because Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** and/or their agents, servants and/or employees committed the acts alleged herein maliciously, fraudulently and/or oppressively with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages from Defendants **FRITZ KUNDRUN, AMERICAN METALS & COAL INTERNATIONAL, INC., AMCI HOLDINGS, INC. and 106 TRIPP PROPERTY** in such sums as a jury would find fair, just and/or adequate to deter future similar conduct.

90. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

91. This action falls within exceptions to Article 16 of the C.P.L.R.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in such sum as a jury would find fair, just and/or adequate.

Dated: New York, New York
November 22, 2023

MERSON LAW, PLLC

By: _____
Jordan K. Merson
Sarah R. Cantos
Attorneys for Plaintiff
950 Third Avenue, 18th Floor
New York, New York 10022
Telephone: (212) 603-9100
Facsimile: (347) 441-4171

19

Case 1:23-cv-11215  Document 1-1  Filed 12/27/23  Page 23 of 24

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**
-------------------------------------------------------------------X
TERRENCE LEE,

<em>Plaintiff,</em>

       -against-

JUAN ALBARRAN a/k/a JOHN ALBARRAN, FRITZ
KUNDRUN, AMERICAN METALS & COAL
INTERNATIONAL, INC., AMCI HOLDINGS, INC. and
106 TRIPP PROPERTY LLC,

<em>Defendants.</em>
-------------------------------------------------------------------X

Index No.: _____/2023

**ATTORNEY**
**VERIFICATION**

       **JORDAN K. MERSON**, an attorney duly admitted to practice law before the Courts of

the State of New York, and the principal member of the firm **MERSON LAW, PLLC**, attorneys

for Plaintiff **TERRENCE LEE** ("Plaintiff") in the within action, hereby affirms under the

penalties of perjury:

       That he has read the within Verified Complaint and knows the contents thereof, and that

the same is true to his own knowledge, except as to the matters therein stated to be alleged upon

information and belief, and that as to those matters, he believes them to be true;

       That the sources of his information and knowledge are the investigations and records in the

file maintained by his office; and,

       That the reason that this Verification is made by him and not by Plaintiff is that Plaintiff

does not reside in the County where the attorney has his office.

Dated: New York, New York
      November 22, 2023

                              _____
                                JORDAN K. MERSON

20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------X

TERRENCE LEE,

                     Plaintiff,

                                                    Index No.: 71270/2023

           -against-

JUAN ALBARRAN a/k/a JOHN ALBARRAN, FRITZ     **STIPULATION**
KUNDRUN, AMERICAN METALS & COAL
INTERNATIONAL, INC., AMCI HOLDINGS, INC.
and 106 TRIPP PROPERTY LLC,

                      Defendants.

----------------------------------------------------------------X

          IT IS HEREBY STIPULATED AND AGREED that Defendant 106 TRIPP

PROPERTY LLC's time to answer, move, or otherwise respond to Plaintiff's Complaint shall be

extended through and including January 18, 2024.

          IT IS HEREBY FURTHER STIPULATED AND AGREED that Defendant 106

TRIPP PROPERTY LLC waives any jurisdictional defenses under CPLR § 3211 (8) and (9).

          IT IS HEREBY FURTHER STIPULATED AND AGREED that this Stipulation

may be executed in counterparts, and any photocopy, facsimile, or electronic signatures shall bear

the same weight as original signatures.

MERSON LAW, LLP                       JACKSON LEWIS, P.C.

  _/s/ Sarah Cantos_____             _____
Jordan K. Merson                       Rebecca M. McCloskey
Sarah R. Cantos                       44 South Broadway, 14th Floor
950 Third Avenue, 18th Floor            White Plains, New York 10601
New York, New York 10022              Tel: (914) 872-8060
Tel: (212) 603-9100                     *Attorneys for Defendant 106 Tripp Property*
*Attorneys for Plaintiff*                  *LLC*

Dated: December 14, 2023            Dated: December 14, 2023

4859-6453-9543, v. 1